**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

TIMOTHY TURNER,                    )
                                   )
              Petitioner,          )
                                   )
vs.                                )        Case No. 07-CV-327-TCK-FHM
                                   )
JUSTIN JONES, Director,            )
                                   )
              Respondent.          )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 11) to the petition, and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 11, 12, 13, 14, and 20). Petitioner filed a reply (Dkt. # 15). For the reasons discussed below, the Court finds the petition shall be denied.

## BACKGROUND

On January 26, 2005, shortly after midnight, a 1985 Chevy Blazer was backed through the front doors of the "Seven Day Food Mart," located at 1910 North Lewis Avenue, Tulsa, Oklahoma. The store was closed at that time. Barbara Torre lived near the store, observed the vehicle parked in the parking lot after the store had closed, heard the store alarm, saw the vehicle backed into the store, and called 911. She described the vehicle and gave its direction of travel as it left the store. A police helicopter followed the vehicle and an officer on board videotaped the vehicle as it sped through area neighborhoods in an attempt to elude police. Tulsa police officers in patrol cars were on the scene as the driver exited the vehicle and attempted to flee on foot. Officer Lawless apprehended the suspect as he tried to jump a fence. He struggled with Officer Lawless and failed

to comply with the officer's directives.  Officer Lawless had to use pepper spray to subdue the suspect.  Officers searched the abandoned Chevy Blazer and found numerous packages of Winston and Newport cigarettes, along with a display rack for the cigarettes taken from the "Seven Day Food Mart."  The suspect had $14.00 worth of coins in his pockets.  It was later determined that the Chevy Blazer had been stolen.  The suspect who was apprehended and arrested was identified as Petitioner Timothy Bryan Turner.

As a result of those events, Petitioner was charged with Second Degree Burglary (Count 1), Eluding an Officer (Count 2), Unauthorized Use of a Motor Vehicle (Count 3), and Resisting an Officer (Count 4), all After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2005-450.  On February 22, 2005, while represented by the Tulsa County Public Defender's Office, Petitioner entered pleas of guilty to Counts 1, 2, and 3.  Count 4 was dismissed. He was sentenced to 9 years imprisonment on Count 1, and to 3 years imprisonment on both Counts 2 and 3, with the sentences to be served concurrently.  On March 22, 2005, while represented by attorney Steven W. Vincent, he was allowed to withdraw his pleas "in an attempt to participate in the Tulsa County Drug Court."  See Dkt. # 2 at 2.  However, he was denied admittance into the drug court program. As a result, his criminal charges were reinstated and he proceeded to jury trial on all four charges. On May 11, 2005, he was tried by a jury and found guilty as charged. On May 16, 2005, the trial judge sentenced Petitioner in accordance with the jury's recommendation to 25 years imprisonment and a fine of $10,000 on Count 1, six years imprisonment and a $5,000 fine on Count 2, six years imprisonment and a $2,500 fine on Count 3, and one year imprisonment in the county jail and a $500 fine on Count 4. The sentences for Counts 1, 2, and 3, were ordered to be served

consecutively, and concurrent with Count 4. Petitioner was represented during his jury trial by

attorney Vincent.

Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

Represented by attorney Patti J. Palmer, he raised the following three (3) propositions of error:

Proposition 1:  The offenses of eluding a police officer and resisting arrest are so connected in time and place that convictions and sentences on both violate Title 21 O.S., § 11.

Proposition 2:  The use of two prior felony convictions which arose from the same transaction or occurrence resulted in an excessive sentence.

Proposition 3:  The trial court abused its discretion in ordering Turner's sentences to be served consecutively, thereby creating an excessive sentence; the fine imposed on an indigent person should likewise be vacated.

See Dkt. # 20, Ex. 1.  In an unpublished summary opinion filed June 21, 2006, in Case No. F-2005-

533 (Dkt. # 11, Ex. 3), the OCCA rejected all of Petitioner's claims and affirmed the Judgments and

Sentences of the trial court.

On August 2, 2006, Petitioner filed an application for post-conviction relief in the state

district court. (Dkt. # 11, Ex. 4).  He identified six (6) propositions of error, as follows:

Proposition 1:  Ineffective assistance of appellate counsel (failure to obtain records related to Petitioner's prior felony convictions).

Proposition 2:  Ineffective assistance of appellate counsel (failure to raise ineffective assistance of trial counsel for failing to challenge the enhancement of Petitioner's sentence).

Proposition 3:  Ineffective assistance of appellate counsel (failure to challenge imposition of both a term of imprisonment and a fine).

Proposition 4:  Ineffective assistance of appellate counsel (failure to raise claim related to motion to quash records of prior felony convictions).

Proposition 5:  Ineffective assistance of trial counsel (failure to meet with Petitioner, failed to investigate witnesses and possible defenses, failure to challenge

3

enhancement with prior felony convictions, failure to present mitigating evidence during sentencing phase, failure to challenge constitutionality of traffic stop).

Proposition 6: Plea withdrawal invalid.

See Dkt. # 11, Ex. 4.  By order filed September 22, 2006, the state district court denied relief. Petitioner filed a post-conviction appeal in the OCCA.  By order filed January 16, 2007, in Case No. PC-2006-1098 (Dkt. # 11, Ex. 5), the state appellate court affirmed the denial of post-conviction relief.

On June 11, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2) and exhibits (Dkt. # 3). In his supporting brief (Dkt. # 2), Petitioner identifies five (5) grounds for relief, as follows:

Ground 1:     Ineffective assistance of trial counsel.

Ground 2:     Ineffective assistance of appellate counsel.

Ground 3:     Illegal search and seizure.

Ground 4:     Plea withdrawal invalid.

Ground 5:     Use of same transaction AFCF's [sic] violates Petitioner's right to equal protection.

See Dkt. # 2.  In response to the petition, Respondent asserts that Petitioner's claims are not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d), or are procedurally barred. See Dkt. # 11.

4

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted available state court remedies for his habeas corpus claims.  See Dkt. # 11 at 2.  The Court agrees and finds that the exhaustion requirement is satisfied in this case.[1]

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, a petitioner may obtain federal habeas relief from a state court's adjudication of a claim, only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court

---

[1]      Although Petitioner claimed in his application for post-conviction relief that his trial counsel provided ineffective assistance in failing to challenge the constitutionality of the traffic stop, he did not present his challenge to the legality of the search and seizure (ground 3) as a separate claim and it is technically unexhausted. Because the claim would be denied as procedurally barred, it would be futile to require Petitioner to return to state court to raise this claim in a second application for post-conviction relief. Therefore, the claim is not precluded by the exhaustion requirement.  It is, however, procedurally barred.

5

applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claim asserted in ground 5 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel (ground 2) on post-conviction appeal. Therefore, to the extent those claims are cognizable, they shall be reviewed pursuant to § 2254(d).

**1. Ineffective assistance of appellate counsel (ground 2)**

In his supporting brief (Dkt. # 2), Petitioner alleges that his appellate counsel provided ineffective assistance when she failed to raise a claim of ineffective assistance of trial counsel for failing to challenge the prior convictions used to enhance his sentence, failed to provide evidence related to his prior convictions to demonstrate they arose from the same incident, and failed to challenge the imposition of fines. Petitioner raised these same claims of ineffective assistance of appellate counsel in his post-conviction proceedings. In resolving petitioner's claim of ineffective assistance of appellate counsel in his post-conviction appeal, the OCCA cited Cartwright v. State, 708 P.2d 592 (Okla. Crim. App. 1985), and found that "[f]ailure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." See Dkt. # 11, Ex. 5. That premise deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a

sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel de novo.

Claims of ineffective assistance of counsel are governed by the two-pronged standard announced in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

7

outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93).

In this case, Petitioner complains that his appellate counsel failed to raise a claim of ineffective assistance of trial counsel for failing to challenge the prior convictions used to enhance his sentence. Petitioner alleges that his prior convictions for Second Degree Burglary, Unauthorized Use of a Motor Vehicle, Assault With a Dangerous Weapon, and Eluding a Police Officer, all entered in Tulsa County District Court, Case No. CF-96-4395, arose from a single transaction and should have merged into one prior felony for purposes of sentence enhancement.[2]  The Court finds Petitioner cannot satisfy the prejudice prong of the Strickland standard.  Even if the two convictions from Case No. CF-96-4395 used to enhance Petitioner's sentence should have been counted as only one, the State would have introduced evidence of five prior felonies instead of six and Petitioner

---

[2]  During the second stage proceeding, the State introduced Petitioner's prior convictions for Second Degree Burglary and Unauthorized Use of Motor Vehicle from Tulsa County District Court, Case No. CF-96-4395. The conviction for Eluding a Police Officer entered in that case was not introduced because it was a misdemeanor. See Tr. Trans. at 258. The State also introduced evidence of four (4) other prior felony convictions. See id. at 340.

would have qualified for sentence enhancement under Okla. Stat. tit. 21, § 51.1(C). The OCCA has rejected similar claims alleging improper use of prior felonies for enhancement. See Cooper v. State, 806 P.2d 1136, 1139 (Okla. Crim. App. 1991); Mornes v. State, 755 P.2d 91, 95 (Okla. Crim. App. 1988); Pekah v. State, 660 P.2d 652, 655 (Okla. Crim. App. 1983). The Court finds Petitioner cannot demonstrate that the result of his appeal would have been different had appellate counsel raised this claim of ineffective assistance of trial counsel.  Therefore, he cannot satisfy the prejudice prong of Strickland and he is not entitled to habeas corpus relief.

Petitioner next argues that appellate counsel should have provided evidence demonstrating that two of his prior felony convictions arose from the same incident. As discussed above, however, Petitioner cannot demonstrate that the result of his appeal would have been different even if appellate counsel had provided evidence demonstrating that two of the six prior convictions used to enhance should have counted as one.  As a result, he cannot satisfy the prejudice prong of Strickland.

Lastly, Petitioner asserts that appellate counsel performed deficiently in failing to challenge the imposition of fines. Petitioner contends that "21 O.S. § 51.1 does not provide for imposing fines, thereby subjecting Petitioner to a form of cruel and unusual punishment prohibited by the Constitution." See Dkt. # 2 at 12.  Although appellate counsel did not raise the claim now identified by Petitioner, the record reflects that appellate counsel did argue that the fines should be vacated because Petitioner is indigent. See Dkt. # 20, Ex. 1 at 12. That claim was rejected by the OCCA as being "premature." See Dkt. # 11, Ex. 3.  As to Petitioner's habeas claim that appellate counsel provided ineffective assistance in failing to challenge the imposition of fines, the Court finds the claim lacks merit.  When a defendant is convicted of a felony, Oklahoma law authorizes the court

or jury to impose a fine not exceeding $10,000 in addition to a term imprisonment.  <u>See</u> Okla. Stat. tit. 21, § 64(B).  Nothing prevents application of Okla. Stat. tit. 21, § 64(B), when a term of imprisonment is enhanced under Okla. Stat. tit. 21, § 51.1.  <u>See</u> <u>Fite v. State</u>, 873 P.2d 293, 295 (Okla. Crim. App. 1993) (finding that even though punishment may not be assessed by combining the imprisonment terms of the general enhancement statute with a fine provision of the Uniform Controlled Dangerous Substances Act, the defendant who had been sentenced to a term of imprisonment under the general enhancement statute, Okla. Stat. tit. 21, § 51, was not exempt from the imposition of a fine authorized by Okla. Stat. tit. 21, § 64); <u>see</u> <u>also</u> <u>Garrison v. Saffle</u>, 5 Fed.Appx. 823 (10th Cir. 2001) (unpublished) (discussing applicability of Okla. Stat. tit. 21, § 64, for imposition of fines where the habeas petitioner had been sentenced as a recidivist). Therefore, the state district court's imposition of fines in Petitioner's case did not violate state law. Furthermore, Petitioner has failed to cite any authority supporting his argument that the imposition of fines in this case constitutes cruel and unusual punishment. Petitioner's sentences are not "extraordinary" and, therefore, do not rise to the level of a constitutional violation.  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 77 (2003).  Petitioner has failed to demonstrate that appellate counsel provided ineffective assistance in failing to raise either a state law or a constitutional challenge to the imposition of fines.

The Court concludes that Petitioner has not satisfied the <u>Strickland</u> standard. Therefore, he is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

**2.  Improper enhancement (ground 5)**

As his fifth ground of error, Petitioner complains that "use of same transaction AFCF's [sic] violates Petitioner's right to equal protection."  <u>See</u> Dkt. # 2.  On direct appeal, Petitioner asserted

that two of his six prior felony convictions arose from the same transaction and should not have been presented to the jury as separate convictions. <u>See</u> Dkt. # 20, Ex. 1 at 9. The OCCA rejected this claim, citing only state law and finding that "the record does not show two of Turner's prior felony convictions arose from the same transaction or occurrence, and it was not error to use both convictions to enhance his sentence." <u>See</u> Dkt. # 11, Ex. 3.

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his sentence is a matter of state law and, without more, presents no federal constitutional issue cognizable on federal habeas corpus review. The Court agrees. "A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law." <u>Bullock v. Carver</u>, 297 F.3d 1036, 1055 (10th Cir. 2002) (citation omitted). Whether merger of any of the prior felony convictions was established is an issue of state law and this Court is bound by the OCCA's holding on this question. <u>See</u> <u>Rice v. Champion</u>, 58 Fed.Appx. 416, 420-21 (10th Cir. 2003) (unpublished) (citing <u>Davis v. Executive Dir. of Dep't of Corr.</u>, 100 F.3d 750, 771 (10th Cir. 1996) ("Absent some compelling argument that [the state court's] interpretation violates the federal constitution, we will not disturb it."), and <u>Bowser v. Boggs</u>, 20 F.3d 1060, 1065 (10th Cir. 1994) ("We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law.")); <u>Dennis v. Poppel</u>, 222 F.3d 1245, 1258 (10th Cir. 2000).

In the title of ground 5, as identified in the supporting brief (Dkt. # 2), Petitioner uses the term "equal protection." An equal protection argument has not been presented to the state courts. Nonetheless, Petitioner makes no legal argument and offers no factual support for his claim that he was denied equal protection of the laws. As a result, Petitioner has forfeited the undeveloped equal

protection claim and it will not be considered.  Fox v. Ward, 200 F.3d 1286, 1294 (10th Cir. 2000)

("[F]ailure to develop this aspect of his legal argument, supported by relevant authority, effects a

forfeiture of the claim.").

## C.  Procedural bar (grounds 1, 3, and 4)

Respondent asserts that grounds 1 and 3are procedurally barred as a result of Petitioner's

failure to raise the claims on direct appeal. See Dkt. # 11. Petitioner also failed to raise his ground

4 claim on direct appeal. Petitioner's ground 1 claims of ineffective assistance of trial counsel and

his ground 4 claim challenging the validity of the withdrawal of his guilty pleas were first raised in

Petitioner's application for post-conviction relief. In affirming the state district court's denial of

post-conviction relief, the OCCA declined to reach the merits of the claims, finding that "all issues

previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal,

which could have been raised, are waived. Any allegations as to trial counsel's ineffectiveness have

been waived as this is an issue which could have been raised on direct appeal." See Dkt. # 11, Ex.

5 at 2 (citation omitted). Petitioner's ground 3 claim challenging the validity of the search and

seizure is unexhausted but would be procedurally barred if Petitioner were to return to state court

to raise the claim in a second application for post-conviction relief based on Petitioner's failure to

raise the claim in his first application for post-conviction relief.

The doctrine of procedural default prohibits a federal court from considering a specific

habeas claim where the state's highest court has declined to reach the merits of that claim on

independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v.

Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's grounds 1, 3, and 4 are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise these grounds on direct appeal, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The Court further finds that the procedural bar as to grounds 3 and 4 is adequate to preclude federal habeas review.

As to Petitioner's claims of ineffective assistance of trial counsel identified in ground 1, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th

13

Cir. 1988)).  In <u>English v. Cody</u>, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit held that "the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied." <u>Id.</u> at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in <u>English</u>, the Court finds that the procedural bar imposed by the OCCA on Petitioner's ground 1 ineffective assistance of trial counsel claims is adequate to preclude federal habeas review.  Petitioner was represented at trial by attorney Steven W. Vincent. On direct appeal, Petitioner was represented by attorney Patti J. Palmer. For purposes of the first requirement identified in <u>English</u>, the Court finds that Petitioner had the opportunity to confer with separate counsel during trial proceedings and on direct appeal.

The second <u>English</u> factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  <u>Id.</u> at 1263-64.  In applying a procedural bar to Petitioner's claims of ineffective assistance of trial counsel, the OCCA specifically determined that the claims could have been but was not raised on direct appeal.  <u>See</u> Dkt. # 11, Ex. 5 at 2.  Each of Petitioner's defaulted claims,[3]

---

[3]     In his supporting brief (Dkt. # 2), Petitioner asserts that his trial counsel provided ineffective assistance "when he failed to meet with Petitioner, prior to trial, concerning trial related matters and possible defense(s) that could be suitable for Petitioner's cause." Specifically, Petitioner alleges that trial counsel could have learned that his prior felony convictions in Case No. CF-96-4395 "occurred out of the same criminal transactions." <u>Id.</u> at 4-5.  He also complains that trial counsel "failed to investigate potential witness(s) and to present relevant document(s), in case of a guilty verdict." <u>Id.</u> at 5. As potential witnesses, Petitioner names Larry Darnell Hughes, the owner of a tow chain borrowed by Petitioner, and Tony Riviera, the Human Resources Manager at the Southern Hills Hilton Hotel.  <u>Id.</u>  He also alleges that

including his allegation that trial counsel failed to challenge the transactional nature of Petitioner's

prior felony convictions, could be resolved based on the trial record alone.  Furthermore, even if his

defaulted claims could not all be resolved on the record alone, Petitioner has failed to allege with

specificity how the Oklahoma remand procedure provided by Rule 3.11, *Rules of the Oklahoma

Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective

assistance of counsel claims.  See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the

state pleads the affirmative defense of an independent and adequate state procedural bar, the burden

shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). In

his reply to Respondent's response, see Dkt. # 15, Petitioner makes a conclusory statement

concerning the adequacy of Oklahoma's remand procedure at issue.  He simply states that "he has

repeatedly attempted to convey to the best of his ability the reason(s) why the State of Oklahoma

should have handled this situation at the State level, but because of the inadequate remand

proceedings had at the State level it is/will be futile to pursue." Id. at 3. Petitioner offers no factual

support for his conclusion that Oklahoma's remand procedure is futile for resolution of his defaulted

claims of ineffective assistance of counsel.  As a result, he has failed to carry his burden of

---

counsel should have presented relevant employment documentation, such as his W-2 forms
and social security statements, to rebut argument made by the prosecutor during closing
argument that "Petitioner does not want to work, but only wants to burglarize and steal cars
and run from the police."  Id. at 8. Lastly, Petitioner alleges that trial counsel performed
deficiently in failing to challenge the legality of the traffic stop resulting in his arrest. Id. at
9.

demonstrating that Oklahoma's procedural bar is inadequate and his ground 1 claims of ineffective assistance of trial counsel are procedurally barred.[4]

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

---

[4]    Even if Petitioner's claims of ineffective assistance of trial counsel are not procedurally barred, they are without merit.  The State presented overwhelming evidence of Petitioner's guilt, including photographs taken from the store's security cameras, video of the helicopter pursuit of the vehicle, testimony of the woman who witnessed the burglary and placed the 911 call, testimony of the woman having authorization and custody of the Chevy Blazer, and testimony of the police officers involved in the apprehension of Petitioner and recovery of items stolen during the burglary. In light of the evidence presented at trial, Petitioner has not demonstrated that the result of the proceeding would have been different but for counsel's allegedly deficient performance in failing to meet with him to discuss potential witnesses and defenses or in failing to challenge the validity of the attempted traffic stop. Strickland, 466 U.S. at 694. In addition, counsel did not perform deficiently in failing to challenge the "facially valid" prior felony convictions, see Hampton v. Scott, 1999 WL 436275, *4 (10th Cir. June 29, 1999) (unpublished) (noting "[t]hat the judgments were entered in the same case number on the same date does not necessarily establish that they arose out of the same transaction"), or in failing to present evidence that Petitioner had, in the past, been employed.

The Court recognizes that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray, 477 U.S. at 488-89. However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner did raise four (4) claims of ineffective assistance of appellate counsel on post-conviction appeal. However, only one of the four claims, that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel for failing to challenge the use of transactional prior felonies to enhance Petitioner's sentence, offers an explanation for a defaulted habeas claim. The Court has determined above that appellate counsel did not provide ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel regarding enhancement of Petitioner's sentences. As to that claim, Petitioner has failed to demonstrate "cause" to overcome the procedural bar.  He offers no explanation for his failure to raise the other instances of ineffective assistance of trial counsel or grounds 3 and 4 on direct appeal.  As a result, Petitioner has failed to demonstrate "cause" to overcome the procedural bar applicable to grounds 1, 3, and 4.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred

17

claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ."  <u>Schlup</u>, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  <u>Id.</u> at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" <u>Klein v. Neal</u>, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does not claim that he is actually innocent of the crimes for which he was convicted. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that grounds 1, 3, and 4 are procedurally barred.  <u>Coleman</u>, 510 U.S. at 724.  He is not entitled to habeas corpus relief on those claims.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

18

**DATED** this 13th day of September, 2010.

_Terence C Kern_

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE